SCHWARTZ, Senior Judge.
 

 For reasons unknown, the circuit court, appellate division, per curiam denied review of a final order of the Miami-Dade County Equal Opportunity Board awarding damages to the employee, Ms. Fish, in an alleged employment discrimination case. The record conclusively demonstrates, however, that Ms. Fish was not discharged from her employment because she was in the class of married persons protected by the Florida Civil Rights Act of 1992. See §§ 760.01-760.11, Fla. Stat. (2009).
 
 [1]
 
 Rather, she was terminated after years of service because she married
 
 Mr.
 
 Fish, one of three hands-on partners who operated her employer. It is established that a valid discrimination claim cannot arise on the basis of “the specific identity ... of an individual’s spouse.”
 
 Donato v. Am. Tel. & Tel. Co.,
 
 767 So.2d 1146, 1155 (Fla.2000) (holding that term “marital status” for discrimination purposes “means the state of being married, single, divorced, widowed, or separated, and does not include the specific identity or actions of an individual’s spouse”); see also
 
 Burke-Fowler v. Orange County,
 
 Fla., 447 F.3d 1319 (11th Cir.2006).
 

 The decision under review therefore represents a clear departure from the essential requirements of the law resulting in a miscarriage of justice and is consequently quashed.
 

 Certiorari granted.
 

 [1]
 

 . The fact that she was replaced by another married woman itself demonstrates that she could not establish a prima facie case of discrimination on this ground. See
 
 McDonnell Douglas Corp. v. Green,
 
 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973);
 
 Vessels
 
 v.
 
 Atlanta Indep. Sch. Sys.,
 
 408 F.3d 763 (11th Cir. 2005).